FILED
SUPERIOR COURT
OF GUAM

2018 JUN -5 AM 11: 34

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

          Plaintiff,

          vs.

VINCENT R.Q. CASTRO

          Defendant.

Criminal Case No. CF0261-17

**DECISION AND ORDER**

## INTRODUCTION

This matter is before the Honorable Michael J. Bordallo. Assistant Attorney General Jeremy S. Kemper represents the People of Guam. Attorney Curtis Van De Veld represents Defendant Vincent R.Q. Castro. Having reviewed the memoranda and papers presented, the Court now issues the following decision granting the Peoples' Motion to Dismiss and Expunge.

## BACKGROUND

On May 9, 2017, the Office of the Attorney General filed an Indictment against Defendant wherein the People charged Defendant with one count of Aggravated Assault (as a Second Degree Felony), two counts of Aggravated Assault (as a Third Degree Felony), and one count of Reckless Conduct (as a Misdemeanor). On May 2, 2018, the People filed a Request for

Leave and Motion to Dismiss, asserting that this matter should be dismissed without prejudice based on the difficulties of prosecuting this case while criminal cases against the alleged victim are ongoing. Defendant did not file an opposition to the motion.

## DISCUSSION

Section 80.70 of Title 8 of the Guam Code regulates when a criminal matter may be dismissed. Subsection (a) and (b) of the rule provides:

> (a) The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.
> (b) If there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint. The reasons for the dismissal shall be set forth in an order entered upon the minutes.

8 GCA § 80.70. In 2009, the Guam Supreme Court discussed these subsections. Guam v. Flores, 2009 Guam 22, ¶¶ 23-29. The Flores Court recognized that section 80.70 both codifies and limits the common law discretion of a prosecutor to dismiss a case. Id. at ¶ 23. The Court explained that while a presumption of good faith attaches to the proffered justifications of the People in moving to dismiss an action, this may be rebutted through assertions of facts that support a finding of bad faith. Id.

Inherent in and requisite to the application of the presumption of good faith is a prosecutor's duty to detail sufficient facts to support such a presumption. 8 GCA § 65.15. It is not sufficient for a prosecutor to request dismissal without a specific assertion of facts which, although carrying the presumption of good faith, can also support that legal finding. Id.

Findings of bad faith are regularly defined and associated with behavior which is reckless, willful or grossly negligent. See MElectric Corp. v. Phil-Gets (Guam) Int'l Trading Corp., 2012 Guam 23, ¶37. The Guam Supreme Court has described bad faith behavior as conduct which demonstrates, "either an intentional departure from proper conduct, or, at a minimum, ... a reckless disregard of duty owed by counsel to the court." People v. Manibusan, 1998 Guam 22, ¶ 11 (citations omitted).

Here, the People request that this matter be dismissed without prejudice based on the difficulties of prosecuting this case while criminal cases against the alleged victim are ongoing. Specifically, the People cite the impossibility of interviewing either the Defendant or the victim with regard to the other's crime without asking questions relating to their own involvement in their own charges.

Pursuant to agreement with counsel for Defendant, the People do not object to the matter being expunged from Defendant's record before the expiration of the applicable statute of limitations. The parties disagree in that the People request that the charge be dismissed without prejudice, while Defendant requests that the charges be dismissed with prejudice. The Court finds that the People have acted in good faith and provided sufficient reasoning for the dismissal. The Court therefore dismisses the charges without prejudice.

\\

\\

\\

## CONCLUSION AND ORDER

For the reasons set forth above, the Peoples' Request for Leave and Motion to Dismiss and Expunge is granted. The Court orders the Clerk of the Superior Court of Guam, the Office of the Attorney General of Guam, and the Guam Police Department ("GPD") to expunge their records of Vincent R. Q. Castro in Criminal Case No. CF0261-17 and GPD Case No. 16-16519 under 8 G.C.A. §§ 11.10 and 11.11. All other local and federal law enforcement agencies to which GPD reports shall seal any records of the above from public inspection and refuse to admit the existence of such records to persons not entitled to examine them.

SO ORDERED, this _____ day of _____ 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the courtbox of

1) AG's & 2) Cuh's Vanderfield
3) GPD

Date: 6/5/18  Time: 12p

_____
Deputy Clerk, Superior Court of Guam